LAW OFFICE OF PETER A. ROMERO
Peter A. Romero, Esq.
503 Route 111
Hauppauge, New York 11788
Tel. (631) 257-5588
peteraromero@gmail.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KENIA CACERES PORTILLO and DARLIN
CACERES PORTILLO, on behalf of themselves and
on behalf of all other persons similarly situated,

                              Plaintiffs,

                                                                  **COMPLAINT**

   -against-

H2O CAR WASH & EXOTIC DETAILING, LLC,
ERIK SCHAFFER and NICHOLAS PASCULLO,
individually,

                              Defendants.
-----------------------------------------------------------------------X

Plaintiffs, KENIA CACERES PORTILLO and DARLIN CACERES PORTILLO, on behalf of themselves and on behalf of all other persons similarly situated, by and through their attorney, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action to recover unpaid minimum and overtime wages tha Defendants owe them and similarly situated current and former employees of Defendants under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

5. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 140 East Sunrise Highway, Lindenhurst, New York.

## PARTIES

6. The Plaintiff, KENIA CACERES PORTILLO, is a resident of the County of Suffolk, State of New York.

7. At all times relevant to the complaint, Plaintiff, KENIA CACERES PORTILLO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. Plaintiff, KENIA CACERES PORTILLO, was an hourly-paid, non-exempt employee of Defendants from in or about January 2010 until in or about July 2016.

9. The Plaintiff, DARLIN CACERES PORTILLO, is a resident of the County of Suffolk, State of New York.

10. At all times relevant to the complaint, Plaintiff, DARLIN CACERES PORTILLO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

11. Plaintiff, DARLIN CACERES PORTILLO, was an hourly-paid, non-exempt employee of Defendants from in or about October 2011 until in or about July 2016.

12. Upon information and belief, Defendant H2O CAR WASH & EXOTIC DETAILING, LLC ("H2O"), was and still is a limited liability company organized and existing pursuant to the laws of the State of New York owned by the Defendants, ERIK SCHAFFER and NICHOLAS PASCULLO (collectively "Defendants").

13. At all times relevant, the Defendant, H2O, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

14. The Defendant, ERIK SCHAFFER, resides at 7 Pine Drive, Cold Spring Harbor, in the County of Suffolk and State of New York.

15. At all times relevant, the Defendant, ERIK SCHAFFER, was and still is the President or Chief Executive Officer of the Defendant, H2O.

16. At all times relevant, the Defendant, ERIK SCHAFFER, was and still is a member and/or owner of the Defendant H2O.

17. At all times relevant, the Defendant, ERIK SCHAFFER, had authority to make payroll and personnel decisions for the Defendant H2O.

18. At all times relevant, the Defendant, ERIK SCHAFFER, was and still is active in the day to day management of the Defendant, H2O, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

19. At all times relevant, the Defendant, ERIK SCHAFFER, was and still is an "employer" within the meaning of federal and state wage and hour laws.

20. The Defendant, NICHOLAS PASCULLO, resides in the County of Suffolk and State of New York.

21. At all times relevant, the Defendant, NICHOLAS PASCULLO, was and still is the President or Chief Executive Officer of the Defendant, H2O.

22. At all times relevant, the Defendant, NICHOLAS PASCULLO, was and still is a member and/or owner of the Defendant H2O.

23. At all times relevant, the Defendant, NICHOLAS PASCULLO, had authority to make payroll and personnel decisions for the Defendant H2O.

24. At all times relevant, the Defendant, NICHOLAS PASCULLO, was and still is active in the day to day management of the Defendant, H2O, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

25. At all times relevant, the Defendant, NICHOLAS PASCULLO, was and still is an "employer" within the meaning of federal and state wage and hour laws.

## FACTS

26. Plaintiff, KENIA CACERES PORTILLO, worked as a car wash attendant and performed non-exempt duties for Defendants from in or about January 2010 until on or about July 2016.

27. Plaintiff, KENIA CACERES PORTILLO, regularly worked Monday through Saturday from 8:00 a.m. to 6:00 p.m. and Sunday from 8:00 a.m. to 5:00 p.m.

28. In the winter months, Plaintiff, KENIA CACERES PORTILLO, worked Monday through Saturday from 8:00 a.m. to 5:00 p.m. and Sunday from 8:00 a.m. to 4:00 p.m.

29. Throughout her employment with Defendants, Plaintiff, KENIA CACERES PORTILLO, regularly worked in excess of forty hours in a workweek.

30. Plaintiff, KENIA CACERES PORTILLO, worked in excess of forty hours in most workweeks in which she was employed by Defendants.

31. Throughout her employment with Defendants, Plaintiff, KENIA CACERES PORTILLO, often worked in excess of ten hours in a single day.

32. Plaintiff, DARLIN CACERES PORTILLO, worked as a car wash attendant and performed non-exempt duties for Defendants from in or about October 2011 until on or about July 2016.

33. Plaintiff, DARLIN CACERES PORTILLO, regularly worked Monday through Saturday from 8:00 a.m. to 6:00 p.m. and Sunday from 8:00 a.m. to 5:00 p.m.

34. In the winter months, Plaintiff, DARLIN CACERES PORTILLO, worked Monday through Saturday from 8:00 a.m. to 5:00 p.m. and Sunday from 8:00 a.m. to 4:00 p.m.

35. Throughout her employment with Defendants, Plaintiff, DARLIN CACERES PORTILLO, regularly worked in excess of forty hours in a workweek.

36. Plaintiff, DARLIN CACERES PORTILLO, worked in excess of forty hours in most workweeks in which she was employed by Defendants.

37. Throughout her employment with Defendants, Plaintiff, DARLIN CACERES PORTILLO, often worked in excess of ten hours in a single day.

38. Throughout Plaintiffs' employment with Defendants, H2O washed and detailed cars for automobile dealerships located in Syosset and Port Jefferson.

39. Plaintiffs and other similarly situated car wash attendants were required to perform non-tipped work driving cars back and forth between the automobile dealerships and Defendants' car wash in Lindenhurst and washing and detailing the dealership cars.

40. The Defendants had control over the conditions of Plaintiffs' employment, work schedule, the rates and methods of payment of Plaintiff's wages and the maintenance of her employment records.

41. Defendants paid Plaintiffs and other similarly situated employees at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

42. Plaintiffs and other similarly situated car wash attendants worked more than forty hours in most workweeks in which they were employed by the Defendants but were not paid overtime pay.

43. Defendants failed to pay Plaintiffs and other similarly situated car wash attendants a premium for time worked in excess of forty (40) hours per week throughout the entire term of Plaintiffs' employment with the Defendants.

44. Defendants claimed a tip credit toward their federal and state minimum wage obligation for Plaintiffs and other similarly situated car wash attendants.

45. Defendants failed to provide Plaintiffs and other similarly situated car wash attendants with written notice that they were claiming a tip credit toward the statutory minimum wage. Plaintiffs and other similarly situated car wash attendants did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment with Defendants.

46. Plaintiffs and other similarly situated car wash attendants were required to engage 20% or more of their working time performing non-tipped activities.

47. Defendants failed to pay Plaintiffs and other similarly situated car wash attendants at least the federal and state minimum wage for all hours worked.

48. Defendants failed to keep track of the daily amount of tips received by Plaintiffs and other similarly situated car wash attendants and failed to maintain records required by the FLSA and NYLL.

49.     Defendants paid Plaintiffs and other similarly situated car wash attendants less than the statutorily required minimum wage. Defendants improperly claimed a tip credit toward the minimum wage in that Defendants exceeded the maximum amount of tip credit allowance that could be claimed under the law; failed to properly provide notice to tipped employees that they were taking a tip credit; failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each pay period; caused tip employees to engage in non-tipped duties exceeding 20% of each workday; and failed to track the amount of tips received daily.

50.     Plaintiffs and other similarly situated car wash attendants regularly worked in excess of ten hours in a single workday.

51.     Defendants failed to pay Plaintiffs and other similarly situated car wash attendants spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

52.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

53.     Defendants unlawfully failed to pay Plaintiffs and other similarly situated car wash attendants proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

54.     Defendants failed to provide written notice to Plaintiffs and other similarly situated car wash attendants of their rate of pay; basis of their rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

55. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

56. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in in bringing this action.

57. Plaintiffs seek to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as car wash attendants.

58. The First and Second Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure

compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

59. Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as car wash attendants at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

60. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

61. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as car wash attendants at any time during the six (6) years prior to the filing of this Complaint.

62. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

63. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(c) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(d) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(e) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f) whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(g) whether Defendants failed to provide Plaintiff and Class Members with notice they were claiming a tip credit;

(h) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(i) whether Defendant's general practice of failing and/or refusing to pay the Plaintiff and Class minimum wage, overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

64. Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, and failed to maintain required and accurate records of wages and overtime wages for the hours worked in excess of forty (40) hours per week.

65. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

66. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

67. Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

68. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

69. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

70. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the

relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

71. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

72. Plaintiffs, on behalf of themselves and the FLSA Collective, allege and incorporate by reference all allegations in all preceding paragraphs.

73. Defendants employed Plaintiffs and willfully failed to pay Plaintiffs the minimum wage for all hours worked in violation of the FLSA.

74. The complete records concerning the number of hours worked by Plaintiffs and the wages paid to Plaintiffs are in the exclusive possession and control of Defendants.

75. As a consequence of the willful underpayment of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to them in the amount of the unpaid minimum wages due, together with liquidated damages and interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

76. Plaintiffs, on behalf of themselves and the FLSA Collective, allege and incorporate by reference all allegations in all preceding paragraphs.

77. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs a premium for the hours they worked in excess of forty (40) hours per week in violation of the FLSA.

78. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

80. As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: MINIMUM WAGE)

81. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants employed Plaintiffs and willfully failed to pay Plaintiffs the minimum wage for all hours worked in violation of the NYLL.

83. The complete records concerning the number of hours worked by Plaintiffs and the wages paid to Plaintiffs are in the exclusive possession and control of Defendants.

84. As a consequence of the willful underpayment of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to them in the amount of the unpaid minimum wages due, together with liquidated damages and interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR: OVERTIME WAGES

85. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs overtime pay for the hours they worked in excess of forty (40) hours per week in violation of New York Labor Law.

87. By Defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

88. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: SPREAD-OF-HOURS PAY)

89. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants failed to pay Plaintiffs and the members of the proposed class one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law 650 et seq. and 12 NYCRR §142-2.4.

91. Defendants' failure to pay spread-of-hours pay was willful.

92. As a result of Defendants' violations, Plaintiffs and members of the proposed class are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195

93. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

94. Defendants failed to provide Plaintiffs with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

95. Due to Defendants' failure to provide Plaintiffs with the notice required by Section 195(1) of the Labor Law, each Plaintiff is to recover damages from Defendants.

96. Due to Defendants' failure to provide Plaintiffs a wage statement with their wages as required by Labor Law Section 195(3), each employee is entitled to $250 per workday up to a maximum of $5,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of this case as a collective action pursuant to 29 U.S.C. §216(b);

(ii.) Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iii.)   Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iv.)   Certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(v.)   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi.)   Unpaid minimum wages, overtime and spread-of-hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vii.)   Damages pursuant to New York State Labor Law §195;

(viii.)   All attorneys' fees and costs incurred in prosecuting these claims; and

(ix.)   Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 8, 2016

LAW OFFICE OF PETER A. ROMERO

By: _____
Peter A. Romero (PR-1658)
503 Route 111
Hauppauge, New York 11788
Tel. (631) 257-5588
peteraromero@gmail.com

*Attorneys for Plaintiff*

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Erik Schaffer, Nicholas Pascullo and H2O Car Wash, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in my native language of Spanish.

_Kenia Caceres Portillo_                                   _07/26/16_
Kenia Caceres Portillo                                        Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Erik Schaffer, Nicholas Pascullo and H2O Car Wash, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_Darlin Caceres_        _7/26/2016_
Darlin CaceresPortillo       Date